**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Epic Lift Systems, LLC | § § § § § § § § § § | Case No. _____ |
| Plaintiff, | | |
| v. | | |
| Liberty Lift Solutions, LLC | | **Jury Trial Demanded** |
| Defendant. | | |

## COMPLAINT

Epic Lift Systems, LLC ("Plaintiff" or "Epic") files this Complaint against Liberty Lift Solutions, LLC ("Defendant" or "Liberty") for patent infringement and seeks actual damages, exemplary damages, and injunctive relief as set forth below. All statements and allegations herein are made on information and belief unless stated otherwise.

### I. PARTIES

1. Epic is a corporation organized under the laws of the State of Texas, with a principal place business located at 5655 West Sam Houston Parkway North, Houston, Texas 77041.

2. Liberty is a corporation organized under the laws of the State of Delaware, with a principal place of business located at 16420 Park Ten Place #300, Houston, Texas 77084.

3. Liberty may be served with process through its registered agent for service of process: Registered Agent Solutions, Inc., Corporate Center One, 5301 Southwest Parkway, Suite 400, Austin, TX 78735.

### II. NATURE OF THIS ACTION

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*, and in particular 35 U.S.C. §§ 271 and 281-285.

### III.   JURISDICTION AND VENUE

5. This Court has exclusive subject matter jurisdiction over this patent action under 28 U.S.C. §§ 1331 and 1338(a).

6. Liberty is subject to this Court's general and specific personal jurisdiction by virtue of its status as a resident of the State of Texas and this district, as well as its continuous and systematic business activities in the State of Texas and this district.

7. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b).

### IV.   FACTS

8. U.S. Patent 9,689,242 ("the '242 patent") was duly and legally issued by the U.S. Patent and Trademark Office on June 27, 2017.

9. A true and correct copy of the '242 patent is attached hereto as Exhibit A.

10. The '242 patent is presumed valid pursuant to 35 U.S.C. § 282.

11. Each named inventor of the '242 patent assigned all his right, title, and interest to the '242 patent to Epic.

12. Epic owns the '242 patent with full rights to enforce the patent.

13. The '242 patent relates to gas lift plungers and, in particular, to dart plungers.

14. In connection with Epic's discovery that Liberty was infringing the '242 patent, Epic's counsel wrote to Liberty's counsel on March 7, 2022 advising that Liberty was infringing the '242 patent (among others). Photographs of Liberty's accused infringing dart plunger were attached to the March 7, 2022 letter.

15. On March 11, 2022, Liberty's counsel responded to Epic's March 7, 2022 letter, wherein Liberty argued that it did not infringe claim 1 of the '242 patent because "Liberty Lift's plunger design does not include a clutch assembly having any portion of the clutch assembly within the end nut". This was the only reason Liberty gave in its letter for why it did not infringe claim 1 of

the '242 patent.

16. Liberty's claim that its "plunger design does not include a clutch assembly having any portion of the clutch assembly within the end nut" is incorrect.

17. The annotated photographs below are of portions of the Liberty dart plunger identified in Epic's March 7, 2022 letter to Liberty. As shown, Liberty's plunger includes a clutch assembly having a portion of the clutch assembly within the end nut.

 

18. Specifically, the clutch assembly in the Liberty plunger identified in Epic's March 7, 2022 letter comprises a plurality of arcuate members, as shown in the photos above. In operation, those arcuate members are positioned within the end nut, as also shown in the annotated photo above.

19. Epic is in the business of selling gas lift plungers, as well as other products.

20. Epic sells and has been selling gas lift plungers covered by the '242 patent. These plungers form an important part of Epic's plunger lift business.

21. Epic and Liberty compete against one another for the sale of gas lift plungers,

including plungers covered by the '242 patent.

22. Liberty is continuing to sell dart plungers identified in Epic's March 7, 2022 letter, including and/or in addition to dart plungers having a clutch assembly comprising a plurality of arcuate members positioned at least partially within an end nut.

### V. COUNT I -- INFRINGEMENT OF U.S. PATENT 9,689,242

23. Epic hereby restates and re-alleges the allegations set forth in the preceding paragraphs 1-22 and incorporates them by reference.

24. Liberty has been, and still is importing, making, using, offering to sell, and/or selling products that infringe one or more valid claims of the '242 patent, including at least claim 1, without authority or license from Epic.

25. A comparison of claim 1 in the '242 patent to an accused Liberty plunger is attached hereto as Exhibit B, which is incorporated herein by reference. (Liberty's plungers having a design shown in Exhibit B, or substantially like the design shown in Exhibit B, will be herein referred to as "the accused plungers".) The accused plunger shown in Exhibit B is the same plunger identified in Epic's March 7, 2022 letter to Liberty.

26. As explained above, Epic advised Liberty that it was infringing the '242 patent by letter dated March 7, 2022. Thus, at least as early as March 7, 2022, Liberty was placed on notice of the '242 patent and that it was infringing the '242 patent.

27. As also explained above, Liberty's only explanation (in its March 11, 2022 letter) for why it was not infringing claim 1 of the '242 patent was factually incorrect. Indeed, Liberty's explanation was so incorrect that it was not asserted in good faith, nor could Liberty have relied in good faith on the rationale given with respect to claim 1 of the '242 patent. As such, Liberty knew it was infringing the '242 patent at least as early as March 11, 2022.

28. Discovery may reveal that Liberty knew about the '242 patent prior to March 7, 2022

and/or that knew it was infringing the '242 patent prior to March 11, 2022.

29. Liberty knew and/or was willfully blind to the fact that its accused plungers would infringe at least one claim of the '242 patent. Nevertheless, Liberty continued importing, making, using, selling and/or offering for sale its accused plungers.

30. Accordingly, Liberty's infringement of the '242 patent has been and continues to be willful and deliberate.

31. As a result of Liberty's infringing activities, Epic has suffered actual damages in an amount to be determined at trial. Additionally, as a result of the willful and deliberate nature of Liberty's infringing activities, Epic is entitled to a trebling of its actual damages and is entitled to recover its attorneys' fees and costs incurred in prosecuting this action.

32. Liberty's acts of infringement have caused irreparable harm to Epic for which there is no adequate remedy at law, and will continue to cause irreparable harm to Epic unless Liberty is permanently enjoined by the Court.

## VI. PRAYER FOR RELIEF

WHEREFORE, Epic prays for judgment and seeks relief against Liberty as follows:

(a) For judgment that one or more claims of the '242 patent have been and continue to be infringed by Liberty;

(b) For judgment and an award of all damages sustained by Epic as a result of Liberty's acts of infringement, including supplemental damages for any continuing post-verdict infringement up until entry of the final judgment, with an accounting as needed;

(c) For a permanent injunction enjoining Liberty from infringing any claims of the '242 patent;

(d) For a judgment and an award of enhanced damages for willful infringement of the '242 patent pursuant to 35 U.S.C. § 284;

(e) For a judgment and an award of attorney's fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

(f) For a judgment and an award of all interest and costs; and

(g) For a judgment and an award of such other and further relief as the Court may deem just and proper.

## VII.  JURY DEMAND

Epic demands a trial by jury.

Dated: May 17, 2022

Respectfully submitted,

/s/ Michael S. Dowler

PARK, VAUGHAN, FLEMING & DOWLER LLP
Michael S. Dowler
Attorney-in-Charge
Texas State Bar No. 783979
Southern District of Texas Bar No. 15607
1980 Post Oak Boulevard, Suite 2300
Houston, Texas 77056
mike@parklegal.com
713-443-6866

ATTORNEYS FOR EPIC LIFT SYSTEMS, LLC